**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Alan De Maio, | : |
| Plaintiff, | : Civil Action No.:  1:10-cv-12096(DPW) |
| v. | : |
| EOS CCA; and DOES 1-10, inclusive, | : **FIRST AMENDED COMPLAINT** |
| Defendants. | : |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Plaintiff, Alan De Maio, by undersigned counsel, hereby states as his First Amended Complaint as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Alan De Maio ("Plaintiff"), is an adult individual residing in South Yarmouth, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant EOS CCA ("EOS"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by EOS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      EOS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  EOS Engages in Harassment and Abusive Tactics

12.     In September, 2010, the Plaintiff activated a new home telephone line with Comcast communications.

13.     Immediately thereafter, the Defendants began calling that line.

14.     The Defendants' telephone number appeared on the Plaintiff's caller id as 800-268-9806.

15.     During the first telephone call, the Defendants identified themselves as debt collectors and asked to speak with a Pamela Reynolds.

16.     The Plaintiff informed the Defendants' employee that (i) the Plaintiff did not know a Pamela Reynolds, (ii) Pamela Reynolds did not reside at his address and (iii) the number that was dialed was a new number.

17.     The Plaintiff provided the Defendants with his name and instructed it to cease any further calls to his telephone number.

18.     The Defendants continued to call the Plaintiff's telephone number.

19.     The Defendants would call the Plaintiff's telephone number and leave automated messages.

20.     The Plaintiff again called the Defendants and demanded that the calls cease.

21.     Despite his repeated demand, the telephone calls and automated messages continued.

22.     The Plaintiff received several calls a week from the 800-268-9806 number.

23.     The calls from the Defendants was extremely annoying and harassing to the Plaintiff.

## C.  **Plaintiff Suffered Actual Damages**

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to annoy, harass, oppress and abuse the Plaintiff in connection with the Defendants' attempt to collect a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in spite of the Plaintiff's numerous requests that they cease calling his number and their actual knowledge that he was not the person they were trying to reach.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     As a result of the Defendants' conduct the Plaintiff was severely annoyed and harassed particularly because he could not make them stop.

32.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Defendants initiated numerous calls to the Plaintiff's home telephone line.

35.     The Plaintiff is the telephone subscriber for his home telephone line.

36.     During these calls the Defendants used automated messages and dialers.

37.     The Defendants did not have the Plaintiff's prior consent to dial his home phone number.

38.     The Plaintiff explicitly informed the Defendants that they did not have his permission to dial his home phone number.

39.     Even after the Plaintiff informed the Defendants that the number was his number and that he did not consent to receive calls the Defendants continued to place automated calls to his telephone number.

40.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B).

41.     The Plaintiff is entitled to damages as a result of each violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

   § 1692k(a)(3) against Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Actual damages from Defendants for the all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations and intentional, reckless, and/or negligent invasions of

   privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 1, 2011

Respectfully submitted,

By /s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this the 1st day of February, 2011, a copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system which sent notice of such filing to the following:

Andrew Schneiderman
Marissa I. Delinks
Hinshaw & Culberston, LLP
One International Place, 3rd Floor
Boston, MA 02110

       By <u>/s/ Sergei Lemberg       </u>

       Sergei Lemberg